PHILIP M. MILLER (SBN 87877)
pmiller@sjlawcorp.com
ANNE M. BEVINGTON (SBN 111320)
abevington@sjlawcorp.com
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOMOTIVE INDUSTRIES PENSION TRUST FUND, JAMES H. BENO, Trustee, STEPHEN J. MACK, Trustee DON CROSATTO, Trustee, MARK HOLLIBUSH, Trustee, JON ROSELLE, Trustee, DOUGLAS CORNFORD, Trustee, JAMES V. CANTERBURY, Trustee, and JOSE SANTANA, Trustee,<br><br>Plaintiffs,<br><br>v.<br><br>TRAILCO EQUIPMENT CORPORATION, a California corporation, et al.,<br><br>Defendants. | Case No.: CV 13-5688 MMC<br><br>**JUDGMENT PURSUANT TO STIPULATION AS TO DEFENDANT TRAILCO EQUIPMENT CORPORATION ONLY** |

    IT IS STIPULATED by and between the parties hereto, that Judgment may be entered in the within action in favor of Plaintiffs AUTOMOTIVE INDUSTRIES PENSION TRUST FUND, et al., ("Plaintiffs") and against Defendant TRAILCO EQUIPMENT CORPORATION, a California corporation, ("Defendant Trailco" or "Trailco"), as follows:

    1.    Defendant Trailco was a participating employer in the Automotive Industries Pension Trust Fund ("Trust Fund") pursuant to a collective bargaining agreement ("Bargaining Agreement") between Trailco, on the one hand, and the Machinists Automotive Trades District Lodge No. 190 of Northern California, International Association of Machinists and Aerospace

Workers ("Union"), on the other, until such time that it ceased all business operations and made a complete withdrawal from the Trust Fund in or about August 2012.

2. Pursuant to the effective Bargaining Agreement, the Trust Agreements of the Trust Fund, as amended, and ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980 (29 U.S.C §§ 1001-1461 (1982)), Defendant Trailco is indebted to Plaintiffs for unpaid withdrawal liability, liquidated damages in the amount of 20%, interest at the rate of 7% per annum, attorney's fees and costs.

3. The parties have reached a full and final settlement in this matter as set forth in a written settlement agreement ("Settlement Agreement").

4. Pursuant to this Stipulated Judgment, Defendant Trailco agrees as follows:

   a. The Court will enter Judgment against Defendant Trailco only in the total amount of $195,575.17, representing unpaid withdrawal liability, interest at the rate of 7% per annum, liquidated damages equal to the greater of the accrued interest on the unpaid withdrawal liability or 20% of the amount of the unpaid withdrawal liability and reasonable attorney's fees and costs.

   b. Defendant Trailco waives any and all defenses to the claims of Plaintiffs for withdrawal liability, liquidated damages, interest and reasonable attorneys' fees and costs.

   c. A writ of execution may be obtained against Defendant Trailco without further notice, in the amount of the unpaid balance of this Stipulated Judgment, plus any additional amounts under the terms herein, upon declaration of a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant Trailco and the balance due and owing.

   d. Defendant Trailco waives notice of entry of judgment and expressly waives all rights to stay of execution and appeal.

   e. Defendant Trailco shall pay all additional costs and attorneys' fees incurred by Plaintiffs in connection with collection of the amounts owed by Defendant Trailco to Plaintiffs pursuant to this Stipulated Judgment.

5. In the event of the filing of a bankruptcy petition by Defendant Trailco, the parties agree that any payments made by Defendant Trailco as payment on this Stipulated Judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. §547(c)(2) and shall not be claimed as a preference under 11 U.S.C. §547 or otherwise. Defendant Trailco nevertheless represents that no bankruptcy filing is anticipated.

6. Should any provision of this Stipulated Judgment be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be part of this Stipulated Judgment.

7. This Stipulated Judgment and the Settlement Agreement contain all of the terms agreed to by Plaintiffs and Defendant Trailco and no other agreements have been made between Plaintiffs and Defendant Trailco. Any changes to this Stipulated Judgment shall be effective only if made in writing and signed by all parties hereto.

8. This Stipulated Judgment may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

//
//
//
//
//
//
//
//
//
//

1 | 9. The Plaintiffs and Defendant Trailco further agree that the Court shall retain
2 | jurisdiction of this matter until this Stipulated Judgment is satisfied.

Dated: September 12, 2014          SALTZMAN & JOHNSON LAW CORPORATION

By: __/S/ Anne M. Bevington_____
    Anne M. Bevington
    Attorneys for Plaintiffs

Dated: September 17, 2014          TRUCKER ✦ HUSS

By: __/S/ Michelle S. Lewis_____
    Robert F. Schwartz
    Michelle S. Lewis
    Attorneys for Defendant
    TRAILCO EQUIPMENT CORPORATION

IT IS SO ORDERED AND ADJUDGED.

Dated: September 23, 2014          _____
    HON. MAXINE M. CHESNEY
    UNITED STATES DISTRICT JUDGE